**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Kevin Yerian,**

**Plaintiff,**

**v.** **Case No. 2:17-cv-562**

**Commissioner of Social Security,** **Judge Michael H. Watson**

**Defendant.** **Magistrate Judge Vascura**

**OPINION AND ORDER**

On June 20, 2018, Magistrate Judge Vascura issued a Report and Recommendation ("R&R") recommending the Court overrule Kevin Yerian's ("Plaintiff") Statement of Specific Errors and affirm the Commissioner's decision in this social security case. R&R, ECF No. 20. Plaintiff objects to the R&R. Obj., ECF No. 21. For the following reasons, Plaintiff's objections are **OVERRULED**.

## I. PROCEDURAL HISTORY

Plaintiff filed for disability insurance benefits and supplemental security income in 2013. His applications were denied initially and on reconsideration. Plaintiff then sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). After holding such a hearing, the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review and affirmed the decision. Plaintiff thereafter filed suit in this Court.

## II. STANDARD OF REVIEW

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

Furthermore, in Social Security cases, the Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to the proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). In this context,

"[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance . . . .'" *Rogers*, 486 F.3d at 421 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Put another way, "[s]ubstantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1997)).

## III. ANALYSIS

Plaintiff appears to concede on objection that the ALJ gave "some weight" to the State agency consultants' opinions but argues that the ALJ failed to explain why her own mental residual functional capacity ("MRFC") was "significantly less limiting," Obj. 2, ECF No. 21, than the experts' recommendations.

State agency medical and psychiatric expert Patricia Semmelman, Ph.D., and State agency psychological expert Paul Tangeman, Ph.D. (together, "consultants"), gave opinions in this case. With respect to the Paragraph B criteria, both opined that Plaintiff has mild restrictions in activities of daily living ("ADLs"), moderate difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. Semmelman Op., ECF No. 11, at PAGEID # 126; Tangeman Op., ECF No. 11, at PAGEID # 149. With respect to MRFC, both opined that Plaintiff had moderate limitations in his abilities to: interact appropriately with the general public; accept instructions and

respond appropriately to criticism from supervisors; and get along with coworkers and peers without distracting them or exhibiting behavioral extremes.

Semmelman Op., ECF No. 11, at PAGEID ## 127–28; Tangeman Op., ECF No. 11, at PAGEID # 151. The consultants further stated that Plaintiff "would work best in environments that require minimal and superficial interaction with others." Semmelman Op., ECF No. 11, at PAGEID # 128; Tangeman Op., ECF No. 11, at PAGEID # 152.

As the Magistrate Judge found, the ALJ's decision makes clear that she gave "some weight" to the consultants' opinions. *See* ALJ Dec., ECF No. 11, at PAGEID # 75. The ALJ's MRFC concluded, however, that Plaintiff could have occasional interaction with co-workers and supervisors and no interaction with the general public. *Id.* In other words, the ALJ did not limit Plaintiff to "minimal" or "superficial" interaction with others.

Plaintiff contends that the ALJ failed to explain why the MRFC differed from the recommendations of the consultants with respect to Plaintiffs' social restrictions. As such, Plaintiff contends, the ALJ violated Social Security Ruling 96-6p, which requires ALJs to explain in any decision the weight given to State agency medical and psychological consultants' findings of fact. Specifically, Plaintiff contends that the ALJ's failure to explain her reasoning for adopting a different MRFC with respect to social interactions means that it is impossible to know whether the ALJ discounted those portions of the consultants' opinions or whether the ALJ failed to notice them. Plaintiffs' objection fails.

First, the Court is not convinced that the consultants opined that Plaintiff was limited to minimal and superficial contact with others. The consultants opined that Plaintiff had "moderate limitations" in his ability to interact with the general public, accept instructions and respond appropriately to criticism from supervisors, and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. They did not recommend specific restrictions. Rather, in the "additional explanation" section of the MRFC, the consultants stated that Plaintiff "would work *best* in environments that require minimal and superficial interaction with others." Semmelman Op., ECF No. 11, at PAGEID # 128; Tangeman Op., ECF No. 11, at PAGEID # 152 (emphasis added). A statement that Plaintiff would work best in a particular environment is not equivalent to an opinion that he lacks the capacity to work in any other type of environment. Thus, the Court questions the entire premise of Plaintiff's objection.

Second, even if the consultants did opine that Plaintiff was limited to minimal and superficial interaction with others, the ALJ did not err. Because the ALJ gave only "some weight" to the consultants' opinions, she was not required to adopt all of their opined limitations.[1] In this case, the ALJ adequately

[1] The Court has read *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010), concludes that the Magistrate Judge accurately analyzed that case, and rejects Plaintiff's arguments regarding the same.

explained how the evidence in the record supported the MRFC, and upon de novo review, the Court finds that the MRFC is supported by substantial evidence.

The ALJ recognized that Plaintiff "may have moderate difficulties in maintaining social functioning . . . ." ALJ Dec., ECF No. 11, at PAGEID # 74. As the ALJ explained, however, Plaintiff reported to a consultative examiner that he had been fired from jobs in the past due to arguing, that Plaintiff's cocaine use was noted to be a problem with his anger issues, and that Plaintiff alleged to have quit using cocaine. *Id.* The ALJ also stated that Plaintiff testified that he spent time with family and friends and went out in public. *Id.* Indeed, the ALJ noted that, as of September 2015, Plaintiff reported to a different doctor that he had been able to socialize "more than he ever had before." Ex. 7F, ECF No. 11, at PAGEID # 535. The ALJ further stated that Plaintiff testified that he got along well with others but has a tendency to snap. Yerian Test., ECF No. 11, at PAGEID # 100. Accordingly, the ALJ found that any difficulties in social functioning would be especially likely during periods of symptom exacerbation or drug use. ALJ Dec., ECF No. 11, at PAGEID # 74. The consultants themselves stated that although Plaintiff reported a history of altercations with coworkers, he indicated he was using cocaine at the time. Semmelman Op., ECF No. 11, at PAGEID # 128; Tangeman Op., ECF No. 11, at PAGEID # 151. Further, both stated that Plaintiff was able to cooperate and get along with the consultative examiner. *Id.* Given all the evidence, the ALJ concluded that even "moderate limitation [in social functioning] would not prevent occasional contact with others

in the work place," implicitly rejecting any more restrictive limitations contained in the consultants' opinions. ALJ Dec., ECF No. 11, at PAGEID # 74. Thus, to the extent the ALJ's MRFC differs from the consultants' opinions, the ALJ adequately explained her reasoning behind her "general concurrence" with their opinions, and substantial evidence supported that conclusion.

## IV. CONCLUSION

For the reasons addressed above, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner of Social Security's decision. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**